# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cory Lane Tower, | No. CV 09-1186-PHX-MHM (MHB) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Petitioner Cory Lane Tower, who is represented by attorneys Jess A. Lorona and Gregory E. McClure, has filed a Petition for Writ of Habeas Corpus, presumably pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

Petitioner was convicted in Maricopa County Superior Court, case #CR2005-121841-001, of First-Degree Murder and Aggravated Assault. He was sentenced to a 10-year term of imprisonment for the aggravated assault, to be served concurrently with his sentence of life imprisonment with the possibility of parole after 25 years for the first-degree murder. In his Petition, Petitioner names Charles L Ryan as Respondent and Warden Berry Larson as an Additional Respondent.

Petitioner raises four grounds for relief:

    (1)    Petitioner's right to representation by counsel was violated when his conversation with his parents was recorded without his knowledge;

    (2)    Petitioner was denied the right to effective assistance of counsel;

(3) Petitioner's guilty plea was unlawfully induced; and

(4) the trial court's denial of Petitioner's motion for a continuance violated Petitioner's right to due process.

Petitioner contends he presented these claims to the Arizona Court of Appeals. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

(4) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 26th day of June, 2009.

_____
Mary H. Murguia
United States District Judge